UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| SHAWN FOSTER, as Executrix of the Estate of Judith A. Foster, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>SPRINGFIELD ALF, LLC, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-00418<br><br>District Judge Thomas M. Rose<br>Magistrate Judge Caroline H. Gentry |

# ORDER REQUIRING SUPPLEMENTAL
# RULE 7.1(a)(2) DISCLOSURE STATEMENT

Plaintiff Shawn Foster, Executrix of the Estate of Judith Foster, deceased ("Plaintiff") filed a negligence action against Defendants Springfield ALF, LLC and Angel Anthony in the Clark County Court of Common Pleas. (Doc. No. 2). Defendant Springfield ALF, LLC removed the case to this Court based upon diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a). [1] (Doc. No. 1.) This matter is before the Court

---

[1] The statute provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
> **(1)** citizens of different States;
> **(2)** citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
> **(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> **(4)** a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).

upon review of the Rule 7.1(a)(2) citizenship disclosure statement of Defendant Springfield ALF, LLC. (Doc. No. 8.)

One purpose of the citizenship disclosure statement is to aid in the determination of whether the Court has jurisdiction based on the parties' diversity of citizenship under 28 U.S.C. § 1332(a) as the Notice of Removal here alleges. (*See* Doc. No. 1 at ¶ 3 ["Because Plaintiff and Defendant are citizens of different states, and the amount in controversy is in excess of $75,000, the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332."].)

When determining whether parties to an action are diverse, the Court must apply different rules to corporations and limited liability companies ("LLCs"). *Akno 1010 Market St. Saint Louis Mo. LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022). By statute, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Conversely, "LLCs have the citizenships of their members and sub-members." *Akno*, 43 F.4th at 627. Thus, "***the court must know the citizenship of each member and sub-member***" of an LLC. *Id.* (emphasis added).

Here, Defendant Springfield ALF, LLC filed a Rule 7.1(a)(2) Citizenship Disclosure Statement and reported that it is an LLC. (Doc. No. 8 at PageID 45.) In response to a question about its citizenship, Defendant wrote: "Ohio." (*Id.*) This response does not provide sufficient information about Defendant's citizenship pursuant to the above-stated rule for an LLC. To enable this Court to determine whether it has subject-

2

matter jurisdiction over this action, Defendant must identify the citizenship of each member and sub-member.

Accordingly, the Court **ORDERS** Defendant Springfield ALF, LLC to file an amended disclosure statement in accordance with the foregoing explanation by **December 19, 2025**. The Court also reminds Defendant Springfield ALF, LLC of its obligation to promptly file a supplemental citizenship disclosure statement if any required information changes. Fed. R. Civ. P. 7.1(b)(2).

**IT IS SO ORDERED.**

*s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge