UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| SHAWN FOSTER, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:25-cv-418 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| SPRINGFIELD ALF, LLC *et al.*, | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| Defendants. | : | |
| | : | |

**ENTRY AND ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND (DOC. NO. 10)**

Presently before the Court is Plaintiff Shawn Foster's ("Plaintiff") Motion to Remand (the "Motion") (Doc. No. 10), along with Defendants Springfield ALF, LLC and Angel Anthony's ("Defendants") (collectively, the "Parties") Notice of Consent to Remand (Doc. No. 13).  As set forth below, because the Court agrees with the Parties that it lacks subject matter jurisdiction to hear this case, the Court **GRANTS** Plaintiff's Motion to Remand (Doc. No. 10).

**I.     BACKGROUND**

This matter stems from a personal injury dispute, wherein Judith A. Foster ("Ms. Foster") sustained injuries while riding in a medical transport van owned and operated by Defendants. (Doc. No. 2 at PageID 15–16.) Allegedly, Ms. Foster's "unsecured wheelchair tipped over, causing [her] to be thrown from the chair and sustain injuries." (*Id*. at PageID 16.) As a result, Ms. Foster was moved "from assisted self-sufficient living to skilled nursing." (*Id*.) For reasons unrelated to the instant case, Ms. Foster died on May 26, 2025. (*Id*.) At the time of her death, Ms. Foster was a resident of Clark County, Ohio. (Doc. No. 13 at PageID 85–86.) On November 24, 2025, Plaintiff,

1

a Wisconsin resident, brought this suit as the executor of Ms. Foster's estate in the Common Pleas Court of Clark County, Ohio. (Doc. No. 2 at PageID 15.) On December 3, 2025, Defendants, both residents of Ohio, removed the case to this Court on the basis of diversity jurisdiction. (Doc. No. 1 at PageID 1.) On December 8, 2025, Plaintiff timely moved to remand, arguing this Court lacks subject matter jurisdiction due to a lack of complete diversity between the opposing parties. (Doc. No. 10 at PageID 50.) In lieu of a response in opposition to Plaintiff's Motion, Defendants filed a Notice of Consent to Remand, therein agreeing with Plaintiff that the Court does not have jurisdiction to hear the case. (Doc. No. 13 at PageID 85–86.) Consequently, the instant matter is ripe for disposition.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Therefore, lower federal courts can adjudicate cases about only "those subjects encompassed within a statutory grant of jurisdiction." *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)). A court has diversity jurisdiction over a case where there is complete diversity of citizenship between the opposing parties, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The burden of establishing jurisdiction falls on the removing party. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2000).

## III. ANALYSIS

As mentioned, Defendants' basis for removal is derived from diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. No. 1 at PageID 1.) "The diversity of the parties is determined

2

on the basis of their citizenship—that is to say their domiciles." *Naji v. Lincoln*, 665 F. App'x 397, 400 (6th Cir. 2016). Where a case is brought by a representative on behalf of an estate, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). An LLC's domicile is determined by "the citizenship of each of its members." *Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 494 (6th Cir. 2015) (citation and quotation marks omitted), *aff'd sub nom.*, *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 580 U.S. 405 (2017).

Here, the domiciles of the parties are undisputed. (*See* Doc. No. 13.) At the time of her death, Ms. Foster—whose residence determines Plaintiff's domicile—was a resident of Ohio. (*Id.* at PageID 85–86.) Eamon Burgess, the sole member of Springfield ALF, LLC, is a citizen of Ohio, as is his co-defendant, Angel Anthony. (Doc. Nos. 13 at PageID 86; 2 at PageID 15.) Consequently, there is no complete diversity, and the Court thus lacks subject matter jurisdiction to hear the case.

### IV.   CONCLUSION

For the reasons stated above, the Court hereby **ORDERS** that:

(1) Plaintiff's Motion to Remand (Doc. No. 10) is **GRANTED**;

(2) This case shall be **REMANDED** to the Court of Common Pleas of Clark County, Ohio; and

(3) This case is **TERMINATED** on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, January 29, 2026.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE